UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v. ) <br> ) <br> MATTHEW PIZARRO, ) <br> ) <br> Defendant. ) | Crim. Action No. <br> 18-10371-FDS |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On November 26, 2019, defendant Matthew Pizarro pleaded guilty to two counts of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 4); one count of distributing 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count 2); and one count of possession with intent to distribution 28 grams or more in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count 3). On March 9, 2021, he was sentenced to a 120-month mandatory minimum term of incarceration, followed by a 96-month period of supervised release. He is currently incarcerated at FCI Allenwood Medium in White Deer, Pennsylvania, and is scheduled for release in February 2027.

On September 6, 2022, defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c). The Court denied that motion on November 21, 2022, finding that he failed to identify any "extraordinary and compelling reason[]" that would support a reduction in his sentence, as required by the governing statute.

On December 1, 2022, defendant filed a motion for reconsideration, which the Court

denied on December 22, 2022.

On October 15, 2024, defendant filed another *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The government did not file an opposition brief. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies. On July 8, 2024, he filed a request with the warden of FCI Allenwood to move for a sentence reduction on his behalf. (Def. Ex. A). On August 7, 2024, the warden denied the request on the ground that defendant did not present an extraordinary or compelling reason justifying his early release. (*Id.*). More than 30 days have passed since his request was received, and therefore the court has jurisdiction to consider his request. *See* 18 U.S.C. § 3582(c)(1)(A).[1]

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in 18 U.S.C. § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the

---

[1] It is unclear from the record whether defendant has exhausted the appeals process of the Bureau of Prisons. In any event, the government did not file an opposition brief and thus the issue does not appear to be contested.

Sentencing Commission." *Id.* "Extraordinary and compelling reasons" include medical condition, age, family circumstances, victim of abuse, unusually long sentence, or other reasons as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13(b) (2024).

Here, defendant contends that he has multiple "extraordinary and compelling" reasons to reduce his sentence to time served. First, he asserts that he suffers from asthma, which places him at increased risk of serious illness or death if exposed to the COVID-19 virus while in custody. The Center for Disease Control and Prevention recognizes that an individual with asthma has an "increased risk for getting very sick from COVID-19." CENTER FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions and COVID-19 Risk Factors* (Mar. 19, 2025), https://www.cdc.gov/covid/risk-factors/index.html. However, defendant does not appear to suffer from any other risk factor for complications from COVID-19, such as advanced age—he is 35 years old—or additional underlying medical conditions. *See id.* (stating that the "risk of severe illness from COVID-19 increases as the number of your underlying medical conditions increases"). Furthermore, defendant has previously contracted and recovered from COVID-19 while in custody, with no significant or lingering health consequences. Defendant has also refused to receive a COVID-19 vaccine in the past, and he has not indicated that his position has changed.

Next, defendant states that his brother passed away, leaving his mother—who, he asserts, needs assistance with her mobility after being involved in a car accident—to care for herself. Under § 1B1.13(b)(3)(c) of the U.S. Sentencing Guidelines Manual, the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute extraordinary and compelling reasons to reduce that defendant's sentence. U.S.S.G.

Manual § 1B1.13(b)(3)(c).  Although the Sentencing Commission does not define "incapacitation" in the context of compassionate release, incapacitation has been understood to refer to individuals who, "for reasons other than being a minor, [are] unable to receive and evaluate information or make or communicate decisions to such an extent that [they] lack[] the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance." *United States v. Taveras*, 731 F. Supp. 3d 94, 99 (D. Mass. 2024).

Here, defendant has provided essentially no details regarding his mother's capacity to meet her basic physical-health requirements.  He asserts generally that she needs assistance with mobility and day-to-day activities, but does not describe the degree to which she is actually limited, and does not assert that she entirely lacks independent physical mobility.  Moreover, defendant does not indicate whether he is the only available caregiver for his mother or whether other forms of assistance are available.  He states that his brother previously took care of his mother, and that he has passed away; however, he does not assert that he is the only remaining and available caretaker.  Without any evidence to suggest that defendant's mother is incapacitated under the sentencing guidelines, or that he is the only available caregiver, he fails to present extraordinary and compelling family circumstances.

Defendant next contends that he qualifies for a reduction in his sentence under § 1B1.13(b)(2) of the Sentencing Guidelines Manual, which states that extraordinary and compelling reasons exist when a defendant is "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. Manual § 1B1.13(b)(2).  Although defendant has served approximately 80 percent of

4

his term of imprisonment, he is not at least 65 years of age, and he has not experienced serious deterioration in his health. Thus, § 1B1.13(b)(2) does not support a reduction in defendant's sentence.

Defendant next contends that he has endured a more punitive condition of confinement because (1) he has been incarcerated throughout the entirety of the COVID-19 pandemic and (2) his prison facility has been understaffed over the past year. However, he does not indicate why either of those circumstances constitute extraordinary or compelling reasons to reduce his sentence. Again, aside from asthma, he does not have any significant risk factors that would cause his incarceration during the COVID-19 pandemic to be uniquely concerning. And modified operations due to staff shortages are not unusual or particularly unsafe in this context. Moreover, contrary to defendant's suggestion, the foreseeability of those operational modifications does not influence the analysis. *See* U.S.S.G. Manual § 1B1.13(e).

Defendant next contends that he has enrolled in educational classes while in prison, demonstrating that he has been rehabilitated and that additional prison time is unnecessary. Under § 1B1.13(d) of the Sentencing Guidelines Manual, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," though it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* § 1B1.13(d). There are no extraordinary and compelling reasons to reduce defendant's prison term in this case, and therefore his participation in educational courses does not warrant an early release. In addition, while in custody, he was found illicitly possessing marijuana in his prison cell, contradicting his assertion that he has been fully rehabilitated.

Defendant next contends that changes in the law justify a reduction in his sentence.

Specifically, he asserts that his sentence was enhanced above the mandatory minimum due to a prior drug-related conviction that no longer constitutes a valid basis for a sentence enhancement. However, his prison term was not enhanced at sentencing; although the government moved for an enhancement to the 10-year mandatory minimum sentence based on his 2008 state drug conviction, the Court denied that motion and sentenced defendant to the minimum of 10 years. His prior drug conviction had no effect on his sentence, and thus a change in the law concerning his drug conviction is irrelevant.

Moreover, even if the prior drug conviction were relevant here, under §§ 1B1.13(b)(6) and (c) of the Sentencing Guidelines Manual, a change in law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," unless defendant has served at least 10 years of "an unusually long sentence." *Id.* §§ 1B1.13(b)(6), (c). Defendant has not yet served 10 years of his sentence, nor has he demonstrated that his sentence was unusually long. Thus, no reduction in defendant's sentence is warranted based on a change in the law. Defendant has therefore not demonstrated that there exist any extraordinary and compelling reasons to reduce his sentence.

Beyond that, the sentencing factors set forth in § 3553 do not favor release. First, defendant's conduct was dangerous in multiple respects. He sold several grams of a deadly drug—fentanyl—to multiple confidential informants and third-party purchasers. In addition, he possessed a firearm with ammunition, which law-enforcement officers discovered at his home, along with cocaine, marijuana, and drug-distribution paraphernalia.

Next, if defendant is released now, he would be relieved of approximately two years, or 20 percent, of his 120-month mandatory minimum sentence. Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal

conduct.  18 U.S.C. § 3553.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

                                          /s/  F. Dennis Saylor IV
                                        F. Dennis Saylor IV
Dated:  April 1, 2025                Chief Judge, United States District Court