UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) ) ) v. ) MATTHEW PIZARRO, ) ) Defendant. ) ) | Crim. Action No. 18-10371-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On November 26, 2019, defendant Matthew Pizarro pleaded guilty to two counts of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 4); one count of distributing 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count 2); and one count of possession with intent to distribution 28 grams or more in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count 3). On March 9, 2021, he was sentenced to a 120-month mandatory minimum term of incarceration, followed by a 96-month period of supervised release. He is currently incarcerated at FCI Allenwood Medium in White Deer, Pennsylvania, and is scheduled for release in February 2027.

On September 6, 2022, defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c). The Court denied that motion on November 21, 2022, finding that he failed to identify any "extraordinary and compelling reason[]" that would support a reduction in his sentence, as required by the governing statute.

On December 1, 2022, defendant filed a motion for reconsideration, which the Court denied on December 22, 2022.

On October 15, 2024, defendant filed another *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The Court denied that motion on April 1, 2025, again finding that he failed to identify any "extraordinary and compelling reason[]" that would support a reduction in his sentence.

On July 2, 2025, defendant once again filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c). The government has not filed an opposition brief. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies because his administrative request for a sentence reduction was denied by the warden of FCI Allenwood on August 7, 2024. (ECF No. 143 at 3). More than 30 days have passed since his request was received, and therefore the court has jurisdiction to consider it. *See* 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] It is unclear from the record whether defendant has exhausted the appeals process of the Bureau of Prisons. In any event, the government did not file an opposition brief and thus the issue does not appear to be contested.

2

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in 18 U.S.C. § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  "Extraordinary and compelling reasons" include medical condition, age, family circumstances, victim of abuse, unusually long sentence, or other reasons as determined by the Bureau of Prisons.  *See* U.S. Sentencing Guidelines Manual § 1B1.13(b) (2024).

Here, defendant contends that his family circumstances constitute an extraordinary and compelling reason to justify a reduction in his sentence.  Specifically, he states that his brother passed away in May 2024 and his sister lives in Georgia, leaving his mother—who, he asserts, needs assistance with her mobility after being involved in a car accident—to care for herself.  Under § 1B1.13(b)(3)(C) of the U.S. Sentencing Guidelines Manual, the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason to reduce that defendant's sentence.  U.S.S.G. Manual § 1B1.13(b)(3)(C).

Courts have interpreted the sentencing guidelines to set "a high bar for a finding that a defendant's parent is incapacitated under [] § 1B1.13(b)(3)(C)."  *United States v. Taveras*, 731 F. Supp. 3d 94, 99 (D. Mass. 2024).  Indeed, incapacitation has been understood to refer to individuals who, "for reasons other than being a minor, [are] unable to receive and evaluate information or make or communicate decisions to such an extent that [they] lack[] the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance."  *Id.*

Here, defendant asserts that he is the only immediate family member available to take

3

care of his mother. (ECF No. 143 at 6). He has submitted multiple letters from her physicians and therapist, all of whom indicate that she suffers from significant knee pain, limiting her mobility. (*See id.* at 20-23). He has also submitted letters from his sister and mother to further explain his family circumstances. (*See id.* at 24-25). His sister lives in Georgia with her young children and is unable to relocate to Massachusetts to care for their mother. In her letter, defendant's mother states that she requires assistance with basic daily tasks due to her lower-body ailments. She states that she can use the toilet and groom herself without assistance, but that she needs support with meal preparation, housekeeping, and other tasks at home due to lower-body pain. (*Id.* at 24).

The Court does not doubt the physical difficulty that defendant's mother faces in conducting her daily activities. However, the evidence does not indicate that she is incapacitated—that is, "unable to receive and evaluate information or make or communicate decisions"—under § 1B1.13(b)(3)(C) of the sentencing guidelines. *See Taveras*, 731 F. Supp. 3d at 99. She appears to be able to conduct certain self-care tasks without assistance, can walk short distances, and makes use of mobility aids, such as a walker and cane. *See id.* Again, while the Court respects the difficulty of her physical condition, it does not meet "the high bar" for finding that she is incapacitated under § 1B1.13(b)(3)(C). *See id.*

Moreover, the sentencing guidelines state that a prisoner must be the "only available caregiver for the parent," not just the only available *immediate family member*. *See* § 1B1.13(b)(3)(C). Defendant asserts that he is "the only immediate family member" available to care for his mother, who lives in Massachusetts, because his brother passed away and his sister lives in Georgia. (ECF No. 143 at 6). However, he does not indicate whether someone outside of his immediate family may be available to support his mother. He has therefore failed to

demonstrate that his family circumstances constitute an extraordinary and compelling reason to warrant a sentence reduction under § 1B1.13(b)(3)(C) of the sentencing guidelines.

Finally, and in any event, even if defendant's mother's physical condition did constitute an extraordinary and compelling reason, the sentencing factors set forth in § 3553 do not favor release. To begin, his conduct was dangerous in multiple respects. He sold several grams of a deadly drug—fentanyl—to multiple confidential informants and third-party purchasers. In addition, he possessed a firearm with ammunition, which law-enforcement officers discovered at his home, along with cocaine, marijuana, and drug-distribution paraphernalia.

If defendant is released now, he would be relieved of approximately 18 months, or 15 percent, of his 120-month mandatory minimum sentence. Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct. 18 U.S.C. § 3553.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED. Defendant's motion to appoint counsel (ECF No. 141) is DENIED as moot.

**So Ordered.**

Dated: August 6, 2025

/s/ F. Dennis Saylor IV_____
F. Dennis Saylor IV
United States District Judge